---

THE MONARCH CYCLE COMPANY *et al.* v. W. P. WAGGENER, *Trustee, et al.*

**No. 10485.**

MARSHALING SECURITIES — *one secured by mortgage of partnership personalty and of individual realty not required to exhaust latter, to injury of junior mortgagee, for benefit of another mortgagee of partnership personalty alone.* The equitable doctrine that, where one creditor is secured by mortgage on two properties and another on only one of them, the former shall be required to exhaust that on which he only is secured before resorting to the other, does not extend so far as to require a creditor of a partnership who is secured both by chattel mortgage on the personalty of the firm and by mortgage on the individual real estate of one member, to sell the real estate, and thereby deprive a creditor holding a junior mortgage on the land

of his security, in order to preserve the personal property as security for a creditor holding a chattel mortgage on it alone, though senior in date to the second mortgage on the land.

Error from Atchison District Court. W. D. Webb, Judge. Opinion filed April 9, 1898. *Affirmed.*

*B. F. Hudson* and *Jackson & Jackson*, for plaintiffs in error.

*Waggener, Horton & Orr*, for defendants in error.

ALLEN, J. The parties to this action are very numerous, including Jacob, Grant and Leon Leu, partners as Jacob Leu & Sons, and very many of their creditors. The questions for consideration relate to marshaling of securities given by Leu & Sons for the benefit of two sets of creditors, one the plaintiffs in error, and the other represented by Waggener, as trustee.

Jacob Leu & Sons were dealers in stoves, tin and copper ware, etc., at Atchison and other places, and were insolvent. On May 29, 1894, they executed a mortgage covering all their stock in trade, notes and accounts, to the First National Bank to secure an indebtedness to it of $21,199.56. On the same day Jacob Leu and wife also executed a mortgage on the real estate, owned by him individually, to secure the same debt. On May 29 Leu & Sons executed a chattel mortgage to the plaintiffs in error to secure their respective demands, which was recorded on May 31. On the last mentioned date they executed a mortgage on their merchandise to W. P. Waggener, as trustee, to secure the creditors represented by him. This mortgage was made subject to the prior mortgages to the bank and plaintiffs in error. At the same time Jacob Leu and wife also executed to Waggener, as trustee, a mortgage on his land to se-

cure the same creditors who were secured by the chattel mortgage, and some others. This mortgage was, in terms, subject to the mortgage to the Bank. There was an intermediate chattel mortgage between the one given to the Bank and that to the plaintiffs in error; and there were also numerous mortgages and judgments subsequent to those above mentioned. But the controversy in this case is between the plaintiffs in error on one side and the creditors represented by Waggener, as trustee, on the other, and relates to the rights of the parties with reference to the marshaling of the securities obtained by their mortgages. The personal property was taken possession of by the Bank, and with the consent of all the parties was sold by order of the court for $28,254.96. It was agreed that neither of the parties to the action should be prejudiced in their rights to resort to any of the securities given, by reason of the sale of the property. The real estate covered by the mortgage to the Bank was worth, approximately, $25,800. The claims of the plaintiffs in error aggregated something over $11,000, and those represented by Waggener to more than $8,000.

The contention of the plaintiffs in error is for the application here of the equitable doctrine that, where one creditor is secured by two funds and a subsequent creditor by only one of them, the senior creditor shall be required to first exhaust that fund by which he alone is secured, before resorting to the fund by which the junior creditor is secured. It is said that in this case the Bank, which has the senior lien, was secured both by mortgage on the debtor's personalty and real estate; that the plaintiffs in error were secured by the personal property only, and that under this equitable doctrine the bank should be required to sell the land for the payment of its claim, and leave the personal

property to the plaintiffs in error to pay their demands; or, if the Bank be permitted to take payment out of the proceeds of the personal property, that the plaintiffs in error should be subrogated to the extent of their claims to the security the Bank held under its mortgage on the land. It is contended that when Waggener took his subsequent mortgages he took them with full knowledge of all the facts, and that this includes notice, not merely of the existence of the prior mortgages and of their terms, but also of the plaintiff's equitable rights as above stated. On behalf of the defendants in error, it is claimed that the facts of this case do not warrant the application of the equitable rule invoked. It is said that it does not extend to a case where the two funds belong to different persons; that in this case the debts are primarily partnership debts, payable out of the partnership property; that the lands mortgaged were the individual property of Jacob Leu, to which partnership creditors had no right to resort until after exhausting the personal property of the partnership. It is further urged that this doctrine will not operate to defeat a lien definitely created by a subsequent mortgage.

The general doctrine asserted by the plaintiffs in error is conceded, and has been recognized by this court in various cases. *Burnham v. Citizens Bank*, 55 Kan. 545, 40 Pac. 912; *Gore v. Royse*, 56 id. 771, 44 Pac. 1053. But this has its foundation solely on equitable considerations. There is nothing in this case from which we can say that in good conscience the claim of one creditor is superior to that of another. The priorities are to be determined solely from the diligence and success of the respective parties in obtaining security for their claims. The plaintiffs in error succeeded in obtaining a specific lien only on the personal property of the firm. The creditors represented

by Waggener obtained a specific lien on the real property of Jacob Leu. They might with equal show of right insist that the Bank should exhaust the personalty belonging to the firm before resorting to the individual estate of Jacob Leu, who has exercised his right to prefer them in the application of 'his individual estate. We perceive no ground on which it can be declared that Jacob Leu had no right to prefer one creditor over another in the application of his personal estate to the payment of the firm debts. Nor does the fact of the insolvency of the firm affect this right. What the rule might be, if no one but Jacob Leu were opposing the claim of the plaintiffs in error, we are not called on to decide. It is sufficient for the purposes of this case to hold that the lien created by the mortgage to Waggener is superior to the claimed equities of the plaintiffs in error.

The judgment of the District Court must be affirmed.